

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00100-CV

_____

IN THE INTEREST OF S.G. AND H.G., CHILDREN

---

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-554711-14

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

Appellant Father,[1] pro se, attempts to appeal from the trial court's order terminating his parental rights to S.G. and H.G. The trial court signed the termination order on January 17, 2024; thus, Father's notice of appeal was due on February 6, 2024. *See* Tex. Fam. Code Ann. § 263.405(a) (stating appeals from final termination orders are accelerated); Tex. R. App. P. 26.1(b) (requiring notice of appeal in accelerated case to be filed within 20 days after judgment or order is signed). Father did not file his notice of appeal until February 27, 2024.

On March 1, 2024, we notified Father by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely filed. *See* Tex. R. App. P. 26.1(b). We warned Father that we could dismiss this appeal for want of jurisdiction unless, by March 11, 2024, we received a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. We have not received a response.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or extension request,[2] we must dismiss the appeal. *See*

---

[1]We use an alias to identify Father. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]The appellate rules allow us to extend the time for filing a notice of appeal, but any such motion for extension must be filed within 15 days after the notice-of-appeal deadline. Tex. R. App. P. 26.3; *see Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998) (citing former Rule 41(a)(2) and holding motion for extension may be implied when an appellant acting in good faith files a notice of appeal beyond the time

Tex. R. App. P. 2, 25.1(b), 26.3; *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. Because Father's notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *In re K.A.F.*, 160 S.W.3d 923, 924, 928 (Tex. 2005); *In re N.J.*, No. 02-22-00392-CV, 2022 WL 17037425, at *2 (Tex. App.—Fort Worth Nov. 17, 2022, no pet.) (mem. op.).

Per Curiam

Delivered: April 11, 2024

---

allowed by the appellate rules but within the 15-day period in which appellant would be entitled to move to extend filing deadline); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (similar). Here, no motion for extension was filed, and Father filed his notice of appeal after the 15-day extension period.